## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| Q.R., a minor, by and through his Natural mother and next friend, JANE DOE, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 25-CV-01094-HLT-BGS |
| v. | ) ) | |
| MULTI MEDIA LLC, et al., | ) ) | |
| Defendants. | ) | |

### DEFENDANT MULTI MEDIA LLC'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, ALTERNATIVELY, TO COMPEL ARBITRATION

In opposing Multi Media's motion to compel arbitration,[1] Plaintiff does not dispute that, when he created an account by inputting a username, a password, his email address and a false date of birth and thereby attempted to access the Platform, he selected the checkbox labeled "I have read and agree to the terms and conditions" which included an arbitration clause as one of many provisions (hereinafter "Terms"). Plaintiff also does not dispute that this action outwardly communicated to Multi Media his acceptance to a contract containing the Terms, including the arbitration provision. Plaintiff also does not dispute that the arbitration provision in the Terms incorporates the rules of the American Arbitration Association which clearly and unmistakably delegate issues of arbitrability to the arbitrator.

Instead of disputing these essential points, Plaintiff makes several legal challenges to the formation of a contract containing the Terms which include the arbitration provision. But, because Plaintiff makes no challenge to the arbitration provision specifically, the arbitrator is the one who

---

[1] Because Plaintiff has requested a stay if the Court finds an agreement to arbitrate was made, ECF Doc. 31 at 13, the Court cannot dismiss this case. *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024).

decides Plaintiff's challenges because arbitrability was clearly and unmistakably delegated to the arbitrator by the arbitration provision's incorporation of the American Arbitration Association rules. The Court should compel arbitration in accordance with the arbitration provision so that an arbitrator can consider Plaintiff's challenges. Each argument is taken in turn below.

      1. **<u>Illegality</u>**. Plaintiff argues that the subject matter of the terms and conditions (which includes the arbitration agreement) is illegal and contrary to public policy because Kansas law prohibits transmission of material "harmful to minors" to someone under 18 years of age. ECF Doc. 31 at 2-7. This argument was squarely rejected in *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006). In that case, the plaintiffs argued that a deferred-payment agreement was usurious and violated Florida lending and consumer-protection laws "rendering [the agreement] criminal on its face." *Id*. at 443. The Supreme Court found that, because the illegality challenge was not specifically to the arbitration provision, the challenge must be considered by an arbitrator since the arbitration provision was "enforceable apart from the remainder of the contract." *Id*. at 446. Here, Plaintiff does not challenge the illegality of the arbitration provision in the Terms. Indeed, there is nothing illegal about the arbitration provision itself.

      2. **<u>Lack of Consideration</u>**. Plaintiff argues that the agreement lacks consideration because access to the Platform is illegal consideration which cannot support a valid contract. ECF Doc. 31 at 8. This argument has several deficiencies. First, this argument is no different than the illegality argument which, as noted above, was rejected in *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006). Second, arguments about lack of consideration go to the entire agreement, not the arbitration provision specifically. *In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1211 (10th Cir. 2016) (holding challenge that contract was "illusory," which "is simply part of the doctrine of consideration," must be resolved by the arbitrator). Finally, even

assuming *arguendo* the Court could consider a lack of consideration challenge (which it cannot do here), there is mutual, non-illegal consideration provided for in the arbitration provision – *i.e.*, Multi Media is also required to arbitrate in accordance with the arbitration provision.  Mutual promises to arbitrate by both parties constitute *legal* consideration.

3.  **Failure of Condition Precedent**.  Plaintiff argues that a contract was not created because a condition precedent to formation of the contract did not occur – *i.e.*, Plaintiff was required to be at least 18 years of age to accept the Terms containing the arbitration provision. ECF Doc. 31 at 8-10.  This argument fails for two reasons.  First, Plaintiff misstates matters: the checkbox that Plaintiff selected states, "I have read and agree to the terms and conditions" and the highlighted blue words contained a hyperlink to the Terms.  ECF Doc. 19, Exhibit 1, Declaration ¶¶ 11-12.  Nothing in that sentence limits acceptance to someone who is over 18 years old.  The Terms themselves simply say that a user must be over 18 years old to "access and use" the Platform.  *Id.* ¶ 12 & Exhibit B at 2 (§ IV.a) & Exhibit C at 1 (§ IV.a).  Nothing in the language of the Terms or the arbitration provision itself limits acceptance to someone who is over 18 years old.

Second, even assuming *arguendo* acceptance of the Terms were limited to persons at least 18 years of age, a contract was nonetheless created because Multi Media was not aware Plaintiff was under 18 (he had lied about his age) and Plaintiff knew he was not over 18.  This is because "[t]he manifestations [of assent] of the parties are operative in accordance with the meaning attached to them by one of the parties [Mutli Media] if (a) that party [Multi Media] does not know of any different meaning attached by the other [Plaintiff], and the other [Plaintiff] knows the meaning attached by the first party [Multi Media]."  *Restatement (Second) of Contracts* § 20(2)(a) (1981); *see also*, *Restatement (Second) of Contracts* § 163 illus. 1 (1981) ("A, seeking to induce B to make a contract to sell him goods on credit, tells B that he is C, a well-known millionaire. B

3

is induced by the statement to make the proposed contract with A. B's apparent manifestation of assent is effective. However, the contract is voidable by B under the rule stated in § 164(1)."). Thus, a contract was created regardless of Plaintiff's lie about his age.

    **4. <u>Minority/Mental Capacity/Disaffirmance</u>**. Plaintiff contends that the contract is void because he is a minor and, therefore, lacks mental capacity as a matter of law due to his minority status or because he has disaffirmed the contract by filing this lawsuit. These arguments fail on several levels. First, an infancy defense is for the arbitrator to decide because it "does not concern the formation or existence of a contract," but instead "is a matter of enforceability covered under the delegation provision." *In re StockX Customer Data Sec. Breach Litig.*, 19 F.4th 873, 883-84 (6th Cir. 2021). And, whether a minor has disaffirmed a contract is also for the arbitrator to decide. *K.F.C. v. Snap Inc.*, 29 F.4th 835, 837-38 (7th Cir. 2022) ("As long as state law permits a child to ratify a contract, youth must be a defense rather than an obstacle to a contract's formation, and as a defense it goes to the arbitrator."). Plaintiff's reliance on *Dickson v. Hoffman*, 305 F. Supp. 1040 (D. Kan. 1969), *see* ECF Doc. 31 at 11, is misplaced because, although the court held that the arbitration clause could be revoked at will and, alternatively, the minor had disaffirmed the insurance policy by filing suit, the court did not address whether the arbitration provision at issue delegated arbitrability of that issue to the arbitrator (which the arbitration provision clearly and unmistakably does in the instant case). The enforceability of provisions delegating arbitrability to the arbitrator was firmly established in *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010).

    Second, minors do not lack mental capacity to enter into a contract as a matter of law. K.S.A. 38-102 makes clear that a minor can enter into a contract. *State v. Bishop*, 44 Kan. App. 2d 739, 745, 240 P.3d 614, 618 (2010) ("contracts are enforceable against minors but voidable if the minor disaffirms the contract as provided by the statutes"). While a particular minor might

lack mental capacity to contract (just as a particular adult might lack mental capacity to contract), K.S.A. 38-102 would be irrelevant if all minors lacked mental capacity as a matter of law. That Kansas law also provides special rules for minors with respect to being a party in court (K.S.A. 60-217(c)) and with respect to statutes of limitations (K.S.A. 60-508(a)) does not alter K.S.A. 38-102, which provides a minor's contract is valid subject to ratification or disaffirmance in accordance with the statute.

Finally, Plaintiff's brief is insufficient to make a true mental capacity challenge because it presents no evidence supporting an actual lack of mental capacity to contract. Plaintiff offers no evidence of any medical diagnosis of permanent or temporary mental disability, his IQ score or his education, or anything else to show lack of mental capacity. Instead, the brief argues, without any evidentiary support, that Plaintiff was "wholly unfamiliar with the concept of arbitration" and had "no understanding of what it might mean to waive his right to litigate." ECF Doc. 31 at 10. These conclusory and unsupported statements are insufficient to show lack of mental capacity. *Braden v. Optum RX, Inc.*, No. 21-CV-02046-TC-GEB, 2021 WL 5299402, at *1 (D. Kan. Nov. 15, 2021) (party opposing arbitration "cannot create a genuine factual dispute by making allegations that are purely conclusory or unsupported by the record as a whole") (citations omitted); *In re Universal Serv. Fund Tel. Billing Pracs. Litig.*, 300 F. Supp. 2d 1107, 1128 (D. Kan. 2003) (rejecting arguments about costs of arbitration as "conclusory and unsupported by the record" where "plaintiffs have submitted no evidence to support their argument"). Regardless, being unfamiliar with arbitration is not sufficient to show lack of mental capacity to enter a contract with an arbitration provision. *Shelton v. The Ritz Carlton Hotel Co.*, 550 F.Supp.2d 74, 80 (D.D.C. 2008) (rejecting argument that woman with junior-high education who "lacked the background to understand the contract" could avoid arbitration provision); *cf. Beltran v. AuPairCare, Inc.*, 907 F.3d 1240, 1256 (10th Cir. 2018) (finding

plaintiffs "knew their own inexperience but signed the agreement [containing arbitration provision] without verifying that they understood all the provisions in the agreement") (cleaned up); *Gold v. Deutsche AG*, 365 F.3d 144, 149 (2d Cir. 2004) ("even if [plaintiff] did not understand the form or had questions about the arbitration clause or the rules, as he alleges, the burden was upon him to have his concerns addressed before signing").  Plaintiff does not argue he would have been incapable of understanding the concept of arbitration had it been explained to him before he agreed to it.

* * * * *

Multi Media respectfully requests that the Court compel arbitration in accordance with the Terms.

Dated: July 28, 2025                    Respectfully submitted,

GM LAW PC

By:  */s/ Jason M. Hans*
        Jason M. Hans                KS #18881
        1201 Walnut Street, 20th Floor
        Kansas City, MO 64106
        Telephone:    (816) 471-7700
        Facsimile:    (816) 471-2221
        jasonh@gmlawpc.com

WAYMAKER LLP
        Jaime W. Marquart (application for pro hac
              vice admission forthcoming)
        515 S. Flower Street, Suite 3500
        Los Angeles, CA 90071
        Office: 424.652.7800
        Fax: 424.652.7850
        jmarquart@waymakerlaw.com

ATTORNEYS FOR DEFENDANT
MULTI MEDIA LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 28th day of July, 2025, a true and correct copy of the foregoing was electronically filed via the Court's electronic filing system which will serve notice of same to all counsel of record.

/s/ Jason M. Hans