## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Q.R., a minor, by and through his natural mother and next friend, JANE DOE, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 25-1094-HLT-BGS |
| MULTI MEDIA, LLC, *et al.*, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER GRANTING DEFENDANTS' MOTION TO STAY

Now before the Court is Defendant Multi Media LLC's "Motion to Stay Discovery and

Entry of a Scheduling Order Pending the Court's Resolution of Motoin to Dismiss or, Alternatively,

to Compel Arbitration."  (Doc. 34.)  Having reviewed the submissions of the parties, Defendants'

motion to stay (Doc. 34) is **GRANTED**.

## FACTUAL BACKGROUND

According to the Complaint, Defendants operate a "global network of live interactive

webcam performers and internet sites" of a pornographic nature, including chaturbate.com

(hereinafter "the Platform"), "for which the video feeds linked by those sites originate from media

servers operated and/or controlled by Defendants."  (Doc. 1, at 4.)  Plaintiff, who is a minor,

allegedly  accessed the Platform using an "old laptop" belonging to his mother.  (*Id.*, at 8.)

Defendant contends that Plaintiff, in an effort to gain access to the charturbate.com,

"completed the Platform's account signup process, including an express acceptance of

the Platform's 'Terms & Conditions.'"  (Doc. 20-1, at ¶¶ 8-13; Doc. 34, at 1-2.)  Defendants

continue that

> [t]o create his account, Plaintiff filled in a form by selecting a username
> and password, providing his email address, and inputting a false birth
> date. … Plaintiff's account was created successfully and that would

> not have occurred unless he had selected the checkboxes labeled 'I
> have read and agree to the terms and conditions' and 'I have read and
> agree to the privacy policy.' … Section IX(g) of the Platform's Terms
> contains an arbitration provision specifying that "any dispute relating
> to or arising out of" use of the Platform 'will be resolved by binding
> individual arbitration.' … The arbitration provision further states that
> the arbitration will be conducted by the American Arbitration
> Association ('AAA') in accordance with its rules.

(Doc. 34, at 2.) Defendant Multi Media ("Defendant") has filed a motion to dismiss, alternatively, to compel arbitration, arguing that Plaintiff's claims against it "are subject to binding arbitration before the American Arbitration Association." (Doc. 20, at 1.)

In response to the pending motion to dismiss or compel arbitration, Plaintiff does not dispute that he created an account and checked the boxes labeled "I have read and agree to the terms and conditions" and "I have read and agree to the privacy policy." (*See* Doc. 31, at 2, 7, 9.) Rather, Plaintiff argues that Defendants' Terms and Conditions agreement is illegal, contrary to public policy, lacks consideration, that a condition precedent was unsatisfied, and that his status as a minor precludes a finding of an agreement to arbitrate. (*See generally, id.*)

Defendant Multi Media brings the present motion to stay discovery, arguing that "allowing discovery in this case would be tantamount to denying Multi Media's motion to dismiss or stay pending arbitration." (Doc. 34, at 4.) Defendant contends it will "likely" file an "immediate interlocutory appeal to the Tenth Circuit" if the requested stay is denied. (*Id.*) Defendant continues that weighing the potential for prejudice to Plaintiff, the burden to Defendant, judicial economy, and the public interest establishes a stay would be appropriate herein. (*Id.*, at 5-9.)

Plaintiff opposes the motion, arguing that Defendant has not met its "heavy burden to show the present situation presents an 'extreme circumstance' " to justify the entry of a stay and that Defendant incorrectly argues there is a heightened standard for staying discovery when arbitration is invoked. (Doc. 36, at 1.) Finally, Plaintiff contends that Defendant's indication it will file an

interlocutory appeal is misplaced because "[m]ere speculation about future procedural steps" such as an interlocutory appeal "is no basis for staying discovery now." (*Id.*, at 1-2.)

## ANALYSIS

### I.    Legal Standards.

"The general policy in this district is not to stay discovery even though dispositive motions are pending." *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994). Further, "[t]he general rule is that arbitration and federal litigation should proceed simultaneously absent compelling reasons to stay the litigation." *Pipia v. Rauscher Pierce Refsnes, Inc.*, 714 F. Supp. 501, 503 (D. Kan. 1989) (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 225, 105 S.Ct. 1238, 1244, 84 L.Ed.2d 158 (1985) (White, J., concurring), *Chang v. Lin*, 824 F.2d 219, 223 (2d Cir.1987), and *Girard v. Drexel Burnham Lambert, Inc.*, 805 F.2d 607, 611 (5th Cir.1986).

"The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." *Toney v. Harrod*, No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *1 (D. Kan. Nov. 7, 2018) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007)). That stated, "[t]he Tenth Circuit … has held that 'the right to proceed in court should not be denied except under the most extreme circumstances.' " *Accountable Health Sol'n, LLC v. Wellness Corp. Sol'n, LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, *1 (D. Kan. Sept. 13, 2016) (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983)). "A stay is not favored because it can delay a timely resolution of the matter." *Id.* (citations omitted). Even so, there are recognized exceptions to this policy disfavoring stays: "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendant's immunity from suit.

*Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.*, No. 1304119–KHV, 2013 WL 6728323, *1 (D. Kan. Dec. 19, 2013).

The decision to stay is incidental to the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 1636, 1650, 166 81 L.Ed. 153 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997). In exercising this discretion, a court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. Any such stay must be kept within the "bounds of moderation." *Id.* at 256.

In determining whether to enter a stay, a court should consider "(1) plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to plaintiffs of a delay; (2) the burden on defendants; (3) the convenience to the court; (4) the interests of persons not parties to the litigation; and (5) the public interest." *Spears v. Mid-Am. Waffles, Inc.*, No. 11-2273-CM, 2012 WL 12837278, at *2 (D. Kan. Mar. 8, 2012) (citing *Klaver Constr. Co. v. Kan. Dep't of Transp.*, No. 99-2510-KHV, 2001 WL 1000679, at *3 (D. Kan. Aug. 23, 2001) and *FDIC v. Renda*, No. 85-2216-EEO, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). Additionally, the Court "considers whether a stay will avoid confusion and inconsistent results … ." *Gouger v. Citibank NA*, No. 19-02434-KHV, 2020 WL 1320723, at *2 (D. Kan. March 20, 2020). *See also Ronning Eng'g Co. v. Adkins Energy*, No. 04-2096-CM, 2006 WL 2038024, at *1-2 (D. Kan. July 18, 2006).

Defendant argues that

> [c]ourts stay discovery pending a motion to compel arbitration because such a motion seeks to enforce an agreement to resolve the dispute outside of court. Allowing discovery on the merits of a party's claim while the issue of arbitrability remains unresolved 'puts the cart before the horse' because 'if a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators.'

(Doc. 34, at 3 (quoting *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002) (citations omitted).) Plaintiff, however, contends that when considering the five relevant factors,

"none of these factors as applied to the present facts demonstrate a compelling case for this Court to grant them a stay of discovery."  (Doc. 36, at 3.)  Given the above legal standards, the Court will evaluate the requested stay in the context of factors addressed in Defendant's motion – the potential for prejudice to Plaintiff, the burden to Defendant, judicial economy, and the public interest.[1]  (*See* Doc. 34, at 5-9.)

## II.    Application of Legal Standards.

### A.    Potential Impact on Plaintiff.

Defendant argues that this factor weighs in favor of a stay as it "seeks only a brief stay while the [District] Court considers the motion to compel arbitration."  (Doc. 34, at 5.)  Defendant also asserts that because the case does not seek immediate injunctive relief, but only damages, "there is no indication that some special circumstances warrant proceeding with discovery prior to a determination of the forum and procedures for this dispute (arbitration or court)."  (*Id.*, at 5-6 (citing *Hindi v. Citibank, N.A.*, No. CV 23-166-MLG-SCY, 2023 WL 5486307, at *1 (D. N.M. Aug. 24, 2023), *Nardo v. Homeadvisor, Inc.*, No. 21-CV-01709-RMKLM, 2022 WL 1198995, at *3 (D. Colo. Jan. 4, 2022) (finding that "any prejudice that would result to Plaintiff from a brief stay of discovery to enable the Court to resolve the Motion to Compel Arbitration would be, at best, minimal"), *Medical Prac. Mgmt. Grp., LLC v. Gordon*, No. 22-CV-2585-NYW-KLM, 2023 WL 2681970, at *1 (D. Colo. Jan. 27, 2023) ("given that the events giving rise to the claims occurred relatively recently and the temporary nature of the stay, Plaintiff would experience minimal, if any, prejudice from a brief delay while this Court resolves the dispositive arbitration issue"), and *Davidow v. H&R Block, Inc.*, No. 18-01022-CV-W-ODS, 2019 WL 13020638, at *2 (W.D. Mo. Mar. 14, 2019).)

---

[1] As to the fifth factor – the interests of non-parties – Defendant admits "[t]here are no non-parties whose interests could be impacted by a stay of this case while the Court resolves the pending motion to compel arbitration."  (Doc. 34, at 8.)  While Defendant contends that makes this factor "neutral," Plaintiff argues that the lack of non-party interests "confirms that the present case possesses ordinary circumstances rather than 'exceptional circumstances' warranting a stay."  (Doc. 36, at 5.)  Regardless, the Court finds this factor to be nondeterminative in its analysis.

Plaintiff responds that "it is not enough for Defendant to simply declare there are no 'special circumstances' which justify moving forward. The law requires Defendant to show the existence of compelling circumstances which justify not moving forward." (Doc. 36, at 3-4.) Plaintiff, however, makes no effort to explain *how* he would be prejudiced by this stay, but merely states he "will of course be prejudiced" by the "unnecessary delay." (*Id.*, at 3.) Further, as discussed in the following sections, Defendant provides an explanation of the arguably compelling circumstances that exist. Given the weight of case law cited by Defendant, as well as Plaintiff's lack of an explanation of the prejudice he would suffer, the Court finds that that this consideration weighs in favor of granting a stay.

### B.      Burden on Defendant.

Defendant next argues that denying a stay would " 'force upon [it] the very processes and expenses of litigation that [it] sought to avoid' " through arbitration. (Doc. 34, at 6 (citing *Roadbuilders Mach. Supply*, 2012 WL 1253265, at *2 (citation omitted).) Defendant continues that if there is no stay and arbitration is ultimately compelled by the District Court, it will "incur the cost and inconvenience related to federal court litigation that does not exist in arbitration," which would include "wasteful" discovery. (*Id.*, at 6-7 (citations omitted).)

In this regard, Defendant asserts that it will request a bifurcated discovery process during arbitration "so that forensic examination of the laptop Plaintiff allegedly used … is accomplished before other discovery matters." (*Id.*, at 7.) Defendant contends this would let the arbitrator "ascertain whether in fact Plaintiff did access the Platform beyond merely creating the account creation process (which Plaintiff contends and [Defendant] vehemently denies) and, if it turns out Plaintiff did not access the Platform as [Defendant] has previously advised Plaintiff's counsel, the case can be promptly resolved by the arbitrator." (*Id.*)

Plaintiff responds that the Tenth Circuit has "consistently held" that "bare assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally." (Doc. 36, at 4 (citing *KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-2065-DDC-TJJ, 2021 WL 1108684, at *1 (D. Kan. Mar. 23, 2021).)  Defendant's assertions are not, however, "bare." Rather, Defendant has described of how discovery would be more burdensome and/or expensive in this Court as opposed to arbitration.  The Court thus finds that this factor weighs in favor of granting the stay.

### C.     Convenience to the Court.

Defendant asserts that the convenience to the Court factor weighs in favor of staying this case pending a ruling on the motion to compel arbitration.  Defendant argues that the Court "will be inconvenienced by entering a scheduling order or ruling on discovery motions that may ultimately be without effect to an arbitrator." (Doc. 34, at 7 (citations omitted).) Defendant continues that "[j]udicial economy is served by staying discovery until the proper forum (court or arbitration) is determined so that this Court's resources are not used on a matter that must be arbitrated." (*Id.*, at 8.)  Plaintiff responds that he is "hard-pressed to envision any realistic scenario in which discovery disputes in this case will be so numerous or complex as to impose any meaningful burden on this Court" because "discovery here is likely to be straightforward and limited." (Doc. 36, at 4.)

The Court does not particularly share Defendants' concerns that the Court will be significantly inconvenienced by this case.  That stated, while Plaintiff does not "envision" a multitude of discovery issues, at this point, that is mere conjecture.  Objectively, however, the entry of a stay promotes judicial economy, particularly "when the issues in arbitration and litigation significantly overlap," as they do here. *Gouger v. Citibank NA*, No. 19-2434-KHV, 2020 WL 1320723, at *3  (citing *Ronning Eng. Co., Inc. v. Adkins Energy*, No. 04-2096-CM, 2006 WL 2038024, at

*1-2 (D. Kan. July 18, 2006) and *AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co.*, 242 F.3d 777, 783

(8th Cir. 2001)). The Court finds that this factor weighs in favor of staying these proceedings.

### D.     Public Interest.

Finally, Defendant argues that "public policy as reflected in Federal Arbitration Act is that

disputes should be arbitrated when the parties agreed to do so." (Doc. 34, at 8.) Defendant

continues that

> [t]o allow a party to obtain discovery under federal court procedures
> by filing a lawsuit, despite the existence of a mandatory arbitration
> provision, simply because the Court needs time to rule a party's motion
> to compel arbitration would severely undermine the public policy
> embodied in the Federal Arbitration Act.

(*Id.* (citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742-43, 143 S. Ct. 1915, 1921, 216 L.Ed.2d 671

(2023) ("If the district court could move forward with pretrial and trial proceedings while the appeal

on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less

expense, less intrusive discovery, and the like) would be irretrievably lost.") and *Gilmer v.

Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31, 111 S. Ct. 1647, 1655, 114 L.Ed.2d 26 (1991) (internal

citations omitted) (holding that "by agreeing to arbitrate, a party 'trades the procedures and

opportunity for review of the courtroom for the simplicity, informality, and expedition of

arbitration.' ") (citation omitted).) According to Defendant, "allowing a party to do an end run

around a mandatory arbitration provision enforceable under the Federal Arbitration Act by filing a

lawsuit and demanding that discovery go forward while the motion to compel arbitration remains

pending" would be contrary to the public interest and would have "negative policy implications for

all civil disputes governed by arbitration clauses … ." (*Id.*, at 9.)

Plaintiff again disagrees. Plaintiff describes Defendant's argument as "vexing and inane" in

that Defendant "purportedly agreed to provide sexual services to that minor in exchange for his

waiver of his right to litigate disputes related to the provision of those sexual services." (Doc. 36, at

5.)  While the Court could envision various public policy arguments in support of Plaintiff's position to have this case proceed in federal court, Plaintiff merely criticizes Defendant's position as "simply … a matter of common sense" rather than provide substantive argument.  (*Id.*)

The Court finds that Defendant has stated a valid public policy argument in support of entering a stay while Plaintiff has failed to provide any substantive opposing argument.  This factor, like the others discussed in this Order,  weighs in favor of Defendant's request.

IT IS THEREFORE ORDERED that Defendant's Motion to Stay (Doc. 34) is **GRANTED**.

IT IS FURTHER ORDERED that the parties are instructed to contact the undersigned Magistrate Judge by email to chambers within five (5) days of the District Court's ruling on the dispositive motion.  If any portion of the case survives and/or if arbitration is not ordered by the District Court, the undersigned will move forward with setting a Scheduling Conference and a deadline for the parties to submit a proposed Scheduling Order.

**IT IS SO ORDERED.**

Dated August 22, 2025, at Wichita, Kansas.

/S/BROOKS G. SEVERSON
Brooks G. Severson
U.S. Magistrate Judge